## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| MIRIAN ABARCA TIXE et al., |
| Petitioner, |
| v. |
| PATRICIA HYDE et al., |
| Respondent. |

Civil Action No. 25-cv-12365-LTS

## RESPONDENTS' OPPOSITION TO PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to the Petition for Writ of Habeas Corpus filed by Petitioner Mirian Ximena Abarca Tixe ("Petitioner").  Doc. No. 1, ("Petition"). Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases and this Court's Order Concerning Service and Stay of Transfer or Removal.[1]  Doc. No. 4.

## INTRODUCTION

This Court cannot extend the writ of habeas corpus unless Petitioner demonstrates she "is in custody in violation of the Constitution or laws or treaties of the United States".  28 U.S.C. § 2241(c)(3).  A habeas petitioner must also name her immediate custodian as a respondent to the action, not a supervisory agency official, because a writ of habeas corpus granted by a district

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

court "shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.

Here, Petitioner did not name her immediate custodian and Petitioner fails to carry her burden

that her detention by U.S. Immigration and Customs Enforcement ("ICE") for purpose of

effectuating her final order of removal violates the Immigration and Nationality Act ("INA"), its

implementing regulations, and the Constitution.  Thus, the Petition should be denied.[2]

Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6) as she has been ordered removed

from the United States and ICE therefore has statutory authority to arrest and detain her for

purpose of removal.  Petitioner's status as a derivative applicant on her husband's pending T-visa

application does not prevent her arrest, detention, or removal—indeed, the applicable regulation

specifically states that the filing of a T-visa application "has no effect on DHS authority or

discretion to execute a final order of removal".  8 C.F.R. § 214.204(b)(2)(i).

Petitioner's claim that her detention violates the Fifth Amendment's Due Process Clause

is also without merit.  As recognized by the Supreme Court, "detention during deportation

proceedings [is] a constitutionally valid aspect of the deportation process."  *Demore v. Kim*, 538

U.S. 510, 523 (2003).  The Supreme Court has set forth a framework for analyzing the

Constitutionality of post-final order detention under Section 1231(a)(6) in *Zadvydas v. Davis*,

533 U.S. 678, 701 (2001).  In *Zadvydas*, the Supreme Court explained that the "reasonableness"

of continued detention under Section 1231(a)(6) should be measured "primarily in terms of the

---

[2] In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court made clear an individual challenging her detention through a habeas petition must file that petition in the district where she is detained and must name the custodian detaining her in such district as the respondent.  The First Circuit has held similarly.  *See Vasquez v. Reno*, 233 F.3d 688 (1st Cir. 2000).  This Court has held the same.  *See Duy Tho Hy v. Gillen*, 588 F. Supp. 2d 122, 124-25 (D. Mass. 2008) (Holding that an ICE Field Office Director was not a proper party, explaining that "[b]ecause the petitioner's *immediate* custodian is the only proper respondent, a supervisory officer of any kind, … is not a proper party.") (emphasis in original).

statute's basic purpose, namely, assuring the alien's presence at the moment of removal." 533 U.S. at 700. The Court held that post-final order detention under Section 1231 is presumptively reasonable for six months. *Id*. at 701. Petitioner's Due Process challenge to her detention fails as she has only been detained for less than two weeks. *See Rodriguez-Guardado v. Smith*, 271 F. Supp. 3d 331, 335 (D. Mass. 2017) ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process.").

Additionally, this Court lacks jurisdiction to enter the relief seemingly requested by Petitioner – a stay of removal while U.S. Citizenship and Immigration Services ("USCIS") adjudicates her husband's T-visa application and while she seeks to reopen her removal order entered by an Immigration Judge ("IJ"). As Courts within this district and around the country repeatedly find, 8 U.S.C. § 1252(g) prohibits courts from entering stays of removal, even when an alien seeks to apply for alternative forms of relief or seeks to reopen removal orders. *See Compere v. Riordan*, 368 F. Supp. 3d 164, 170 (D. Mass. 2019) (Explaining that "the Court simply lacks jurisdiction to grant a stay of a final order of removal."). In any event, an IJ recently granted Petitioner a stay of removal while her motion to reopen is considered and therefore she does not face removal unless the IJ denies the motion to reopen.

ICE's detention of Petitioner comports with statute, regulation, and the Constitution and therefore this Court must deny this Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Immigration Background.

Petitioner, a native and citizen of Ecuador, entered the United States without inspection and was apprehended by U.S. Customs and Border Protection ("CBP") on or about June 28, 2021 near Eagle Pass, Texas. Exh. A, ¶ 6-7. On July 6, 2021, Petitioner was released from custody and

instructed to report to an ICE office for further processing.  *Id.*, ¶ 9.  On July 20, 2021, Petitioner

appeared at an ICE field office in New York City and was personally served with a NTA which

contained a hearing date in the New York Immigration Court for September 17, 2021.  *Id.*, ¶ 10.

This NTA was filed with the New York Immigration Court on July 21, 2021.  *Id.*, ¶ 11.

On October 14, 2022, Petitioner appeared with counsel and was ordered removed from the

United States after the IJ denied the applications for relief from removal.  *Id.*, ¶ 16.  On July 21,

2023, Petitioner filed an appeal with the BIA.  *Id.*, ¶ 17.  On October 6, 2023, the BIA dismissed

Petitioners' appeal, finding that it was filed untimely.  *Id.*, ¶ 18. Petitioner's husband filed a T-visa

application with USCIS on or about August 15, 2024; Petitioner filed a derivative petition on the

same day, the application remains pending with USCIS.  *Id.*, ¶ 19.

On or about June 10, 2025, ICE Boston issued a departure plan for Petitioner by

instructing Petitioner and her husband to bring proof of a purchased departure itinerary no later

than June 19, 2025, showing a departure date of no later than July 3, 2025.  *Id.*, ¶ 20.  Petitioner

failed to comply with ICE's instruction and did not present an itinerary as required.  *Id.*, ¶ 21.

Instead, on July 8, 2025 Petitioner filed a motion to reopen with the Immigration Court in New

York—this motion was denied on July 30, 2025.  *Id.*, ¶¶ 22-23.  Petitioner then filed a motion to

reconsider with the Immigration Court (which remains pending) and a second motion to reopen

and a motion to stay with the Immigration Court.  *Id.*, ¶¶ 24-25.

Petitioner was arrested and detained by ICE to effectuate her removal order on August

26, 2025.  *Id.*, ¶ 26.  On August 27, 2025, an IJ granted the motion to stay removal; the motion to

reopen remains pending.  *Id.*, ¶ 27.  ICE conducts removals to Ecuador on a regular basis and

will effectuate Petitioner's removal order if the IJ vacates the stay and denies the motion to

reopen.  *Id.*, ¶ 28.

B.  **Procedural Background**.

1.  **Petitioner's initial habeas petition.**

On June 11, 2025, Petitioner, along with her husband and child, filed a habeas petition in this Court that attempted to pre-emptively challenge their arrest, detention, and removal by ICE. *Sumba v. Hyde*, 25-cv-11713-GAO.  They challenged any possible detention as violative of their due process rights on the ground that "have pending relief petitions [and] have never violated the terms of their release."  After the government responded to their Petition, they filed a notice of voluntary dismissal on July 24, 2025.

2.  **Petitioner's subsequent, related petition.**

Petitioner then filed this action on August 26, 2025.  Doc. No. 1.  Petitioner did not mark this case as related to the earlier filed petition with Judge O'Toole, despite all the parties being the same and the cases involving the same or substantially similar issues of fact.  Doc. No. 1-5; D.MA Local Rule 40.1(g)(1), (g)(5).  Petitioner asserts that her detention violates her statutory and Constitutional rights and seeks release or, in the alternative, a bond hearing.  Doc. No. 1, ¶ 16.  She claims her arrest, detention, and removal violates 8 U.S.C. § 1231 because ICE has not asserted that she represents a flight risk or a danger, which she believes is a "threshold requirement to detain Petitioner".  *Id.*, ¶ 43.  She also claims a Fifth Amendment violation as she believes ICE does not have a legitimate reason to arrest and detain her.  *Id.*, ¶¶ 39, 43.

## STANDARD OF REVIEW

It is axiomatic that "[t]he district courts of the United States . . . are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allopath Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted).  Title 28 U.S.C. § 2241 provides district courts with jurisdiction to hear federal habeas petitions unless

Congress had separately stripped the court of jurisdiction to hear the claim. To warrant a grant of writ of habeas corpus, the burden is on the petitioner to prove that his custody is in violation of the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner.").

## STATUTORY AND REGULATORY PROVISIONS AT ISSUE

Congress has provided a statutory process to allow aliens to file immigration applications for relief from removal in immigration courts and then seek review of such decisions before the BIA, subject to judicial review by courts of appeals.

Removal proceedings are initiated with the issuance of a NTA with the Immigration Court that has jurisdiction over the location of the individual. *See* 8 U.S.C. § 1229; 8 C.F.R. § 1003.14(a). Once an NTA is filed with the Immigration Court, the IJ "shall conduct proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1). Such proceeding "shall be the sole and exclusive procedure for determining whether an alien may be … removed from the United States." *Id.* § 1229a(a)(3).

An alien may seek relief from removal in the immigration court and if ordered removed, may generally appeal an IJ's removal order to the BIA. *See* 8 C.F.R. § 1003.1(b). Once an appeal is filed, the IJ's decision is automatically stayed until the BIA issues a decision. *Id.* § 1003.6(a). An order of removal issued by an IJ becomes a final order of removal upon dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a).

An alien has further administrative avenues for review and to challenge removal orders— including motions to reopen and motions to reconsider. *See generally* 8 U.S.C. § 1229a(c)(6)-(7); 8 C.F.R. §§ 1003.2, 1003.23. A motion to reopen seeks to reopen proceedings so that new

evidence can be presented at an evidentiary hearing and for a new decision to be entered on a

different factual record.  *See Matter of L-O-G-,* 21 I. & N. Dec. 413, 418–19 (BIA 1996) (en

banc).  A motion to reconsider asks the adjudicator to reexamine the original decision

considering legal arguments that could not have been raised earlier, a change of law, or an

argument or aspect of the case that was overlooked. *See Matter of O-S-G-*, 24 I. & N. Dec. 56,

56–57 (BIA 2006).  By statute, an alien may file one motion to reopen no later than ninety days

after the IJ or BIA enters its decision.  *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. §§ 1003.2(c)(2),

1003.23(b)(1), (3).  The filing of a motion to reopen generally does not stay execution of the

underlying decision (the final removal order), but an alien can separately seek a stay of a final

removal order from the IJ or BIA.  *See* 8 C.F.R. §§ 1003.2(f), 1003.23(b)(1)(v).  An alien can

also seek a stay of removal from ICE by submitting a Form I-246, Application for a Stay of

Deportation or Removal.  https://www.ice.gov/doclib/forms/i246.pdf (last accessed September 8,

2025).

An alien can also seek judicial review of certain decisions appealed from the BIA.  The

current judicial review scheme, set out at 8 U.S.C. § 1252, permits an alien to initiate judicial

review of his final order of removal by filing a PFR in the judicial circuit in which his removal

proceedings concluded.  *See* 8 U.S.C. § 1252(a)(1) (courts of appeals have jurisdiction to review

"final order[s] of removal").  Under 8 U.S.C. § 1252(b)(9), "[j]udicial review of all questions

of law and fact, including interpretation and application of constitutional and statutory provisions,

arising from any action taken or proceeding brought to remove an alien from the United States . .

. shall be available only in judicial review of a final order" of removal in a PFR.  On a PFR, the

courts of appeals may consider both the finding of removability and the denial of any motion.

*See Reyes v. Garland*, 37 F.4th 1, 3 (1st Cir. 2022).

The statutory scheme restricts the availability and scope of judicial review of removal orders by expressly precluding habeas corpus jurisdiction and channeling review of such orders to the courts of appeals as "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). The statute provides that review of all questions "of law and fact … arising from any action taken or proceeding brought to remove an alien" shall be available only through a PFR in the appropriate court of appeals. *Id.* § 1252(b)(9).

## ARGUMENT

ICE's arrest, detention, and intended removal of Petitioner is authorized by statute and does not offend regulation or the Constitution. Additionally, this Court lacks jurisdiction to interfere with ICE's effectuation of Petitioner's removal order even with a T visa application pending adjudication and with a motion to reopen pending with the Immigration Court. Petitioner is not entitled to release or a bond hearing, and as such, this Court must deny the Petition and lift its order staying Petitioner's removal from the United States.[3]

### A.  The Petition should be Transferred to Judge O'Toole.

Every party initiating a civil action in the District of Massachusetts is required to file a Civil Cover Sheet and Category Form which asks the party to identify any related cases. District of Massachusetts Local Rule 40.1 provides the following definition of a "related" civil case:

> For purposes of this rule, a civil case shall be deemed related to another civil case only if:
> (A) some or all of the parties are the same; and
> (B) one or more of the following similarities exist:
>     i.    the cases involve the same or substantially similar issues of fact;
>     ii.    the cases arise out of the same occurrence, transaction or property;
>     iii.    the cases involve insurance coverage for the same property, transaction or occurrence.

---

[3] As noted, however, an Immigration Judge has entered an order staying Petitioner's removal from the United States while her motion to reopen is considered.

L.R. 40.1.

Here, the instant Petition is related to *Sumba v. Hyde*, 25-cv-11713-GAO as all parties and the same and both petitions involve the same or substantially similar issues of fact.  In both petitions, the Court is asked to evaluate the same factual circumstances, consider similar legal arguments, and determine that detention violates the Fifth Amendment.  Despite this, Petitioner did not identify *Sumba* as a related case in contravention of L.R. 40.1.  As such, pursuant to L.R. 40.1(g)(6), Respondents move to transfer this Petition to Judge O'Toole.  *See Allen v. Takeda Pharm. U.S.A., Inc.*, No. CV 20-11452-LTS, 2020 WL 9848781, at *3 (D. Mass. Sept. 9, 2020) (Transferring case pursuant to L.R. 40.1).

**B.  Petitioner's Detention is Authorized by Lawful.**

Even if this Court were to reach the merits, the Petition should be denied as Petitioner's detention is authorized by statute and regulation and does not offend the Constitution.

**1. Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231.**

ICE's statutory authority to arrest, detain, and remove Petitioner from the United States stems from 8 U.S.C. § 1231(a) which provides for the detention and removal of aliens with final orders of removal.  Petitioner is correct that by statute, ICE is required to detain and remove an individual within a 90-day post-removal order period.  *See* 8 U.S.C. § 1231(a)(2).  And, because Petitioner's order of removal was final entered in 2023, Petitioner is outside of the 90-day removal period during which ICE "shall detain" the individual.  8 U.S.C. § 1231(a)(2).  Contrary to Petitioner's assertion, however, ICE has statutory authority to detain an individual with a final order of removal beyond the removal period, and does not need to make a determination that such individual presents a flight risk or danger to the community prior to exercising such authority.

Instead, 8 U.S.C. § 1231(a)(6) allows ICE to arrest and detain an alien with a removal order beyond the removal period if the individual is inadmissible under 8 U.S.C. § 1182, removable under § 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or has been determined to be a risk to the community or unlikely to comply with the order of removal.  8 U.S.C. § 1231(a)(6).  As such, ICE had the authority to arrest and detain Petitioner as she is inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i) as she was neither admitted nor paroled in the United States upon entry, as Petitioner acknowledges.  *See Thai v. Hyde,* No. CV 25-11499-NMG, 2025 WL 1655489, at *2 (D. Mass. June 11, 2025) (Explaining that Section 1231(a)(6) allows for detention beyond the removal period for those who are "present in the United States without being admitted or paroled.").  As such, Petitioner's claim that her arrest and detention violate § 1231 because ICE did not make a "threshold" determination as to her flight risk or danger to the community fails.

Further, Petitioner is not entitled to a bond hearing or release as Section 1231(a)(6) does not contemplate such process.  The Supreme Court, in *Johnson v. Arteaga-Martinez*, answered the question of "whether the text of § 1231(a)(6) requires the Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community."  596 U.S. 573, 574 (2022).  The Court answered that question definitively, holding that Section 1231(a)(6)'s plain text, which "says nothing about bond hearings before immigration judges or burdens of proof" … "directs that we answer this question in the negative."  *Id*. at 581.

As such, Petitioner's claim that she was unlawfully arrested and detained and is entitled to release or a bond hearing is foreclosed by statute and Supreme Court precedent.

### 2.  Petitioner's arrest, detention, and removal does not violate regulation.

Petitioner seemingly asserts an undeveloped claim that her arrest, detention, and removal is unlawful, perhaps under the belief that her husband's pending T-via application with USCIS provides protection against ICE effectuating her longstanding removal order.  Petitioner, however, is mistaken as she has no right to a stay of removal under regulation, as the mere submission of a T-visa application has no effect on ICE's authority or discretion to arrest, detain, and execute a final order of removal.  The applicable regulation, 8 C.F.R. § 214.204(b)(2)(i), is clear that "[t]he filing of an Application for T Nonimmigrant Status has no effect on DHS authority or discretion to execute a final order of removal…").  *See also Nicholas L. L. v. Barr*, No. 19-cv-02543-ECT-TNL, 2019 WL 4929795, at *5 (D. Minn. Oct. 7, 2019) (Explaining that "Federal regulations say the opposite" as to a claim that "a T-visa applicant cannot be removed before a bona fide determination has been made concerning his application.").

Instead, by regulation, a stay of removal is automatically granted only once USCIS determines that T-visa application is bona fide.  8 C.F.R. § 214.204(b)(2)(iii).  Petitioner makes no claim that USCIS has made a bona fide determination of her husband's T-visa application and any contention that the mere filing of an application forestalls arrest, detention, and removal runs directly contrary to the governing regulations.  8 C.F.R. § 241.204(b)(2).  As such, Petitioner's undeveloped claim that her arrest, detention, and removal violate regulation fails and does not support habeas relief.

### 3.  Petitioner's statutorily authorized arrest and detention is constitutional.

Petitioner's claim that her detention violates the Fifth Amendment's Due Process Clause is meritless as ICE had full statutory and regulatory authority to arrest and detain Petitioner to effectuate her removal order and detention is a permissible aspect of the deportation process.

Petitioner claims that her arrest and detention violates due process because she has a "liberty interest in remaining with her husband and child." Doc. No. 1, ¶ 39. But, as recognized by the Supreme Court, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. The First Circuit has also recognized that the "prompt execution of removal orders is a legitimate governmental interest which detention may facilitate." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Additionally, the First Circuit has held that no substantive due process violation related to the right to provide care to children occurs with the arrest of a parent by ICE. *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 22 (1st Cir. 2007) (Explaining that "that the evenhanded enforcement of the immigration laws, in and of itself, cannot conceivably be held to violate substantive due process.). As the First Circuit held, "[s]o long as the detention is lawful, that so-called deprivation of the right to family integrity does not violate the Constitution." And as stated recently by this court: "[s]ome period of detention prior to deportation is constitutionally valid". *Thai*, 2025 WL 1655489 at *2. *See also Dambrosio v. McDonald, Jr.*, No. 25-CV-10782-FDS, 2025 WL 1070058, at *2 (D. Mass. Apr. 9, 2025) (Recognizing that detention "for a period of less than three months' time … does not amount to an unconstitutional duration."). As explained above, Petitioner's detention is lawful under statute and regulation, and therefore Petitioner's assertion that her detention and removal violate due process because it would lead to a separation from her family is without merit.[4]

When evaluating the Constitutionality of post-final order detention, the touchstone is whether an alien's detention continues to serve "the statute's basic purpose, namely, assuring the

---

[4] Petitioner's husband and daughter are also subject to final orders of removal and therefore can return to Ecuador as well.

alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.  And here, it does.  To

set forth a Constitutional violation for Section 1231 detention, an individual must satisfy the

*Zadvydas* test.  *See Jimenez v. Cronen,* 317 F. Supp. 3d 626, 634 (D. Mass. 2018) (Explaining

that "*Zadvydas* addressed the substantive due process component of the Fifth Amendment. The

Supreme Court held, in effect, that an alien's right to substantive due process could be violated

by prolonged detention even if the alien's right to procedural due process had been satisfied.");

*Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (Explaining that "*Zadvydas*, largely, if not

entirely forecloses due process challenges to § 1231 detention apart from the framework it

established.").

In *Zadvydas*, the Supreme Court held that the government cannot detain an alien

"indefinitely" beyond the 90-day removal period.  533 U.S. at 682.  The Supreme Court "read an

implicit limitation into the statute … in light of the Constitution's demands" and held that

Section 1231(a)(6), "limits an alien's post-removal-period detention to a period reasonably

necessary to bring about the alien's removal from the United States." *Id.* at 689.  The *Zadvydas*

Court held that post-removal detention for six months is "presumptively reasonable."  *Id.* at 701.

Beyond six months, the Supreme Court explained, an individual could file a habeas petition

seeking release.  *Id.* at 700-01.  In such petition, the individual must show there is "good reason

to believe that there is no significant likelihood of removal in the reasonably foreseeable

future[.]" *Id.* at 701.  If the individual does so, the burden would then shift to the government to

produce "evidence sufficient to rebut that showing."  *Id.*

Petitioner's Due Process challenge fails under his present circumstances.  Petitioner

seems to argue that because ICE is detaining her outside of the removal period that began after

her removal order became final in 2023, her current detention violates the Constitution.  Doc.

No. 1, ¶ 43.  Petitioner is mistaken, however, and her due process claim fails because any *Zadvydas* challenge cannot be raised until Petitioner has been detained for six-months in post-final order custody and she has been detained for less than one month.  *See Thai*, 2025 WL 1655489 at *3 (As to an alien detained for seventeen days pending removal, "to the extent petitioner suggests that the duration of his detention violates his due process rights, such an argument is unavailing."); *Rodriguez-Guardado,* 271 F. Supp. 3d at 335 ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process."); *Julce v. Smith*, No. CV 18-10163-FDS, 2018 WL 1083734, at *5 (D. Mass. Feb. 27, 2018) (Habeas petition deemed "premature at best" as it was filed after three months of post-final order detention); *Lamotte v. Holder*, No. CIV.A. 13-10582-RGS, 2013 WL 1629135, at *2 (D. Mass. Apr. 9, 2013) ("an alien being held pursuant to Section 1231(a)(6) cannot assert a *Zadvydas* due process claim if he has been detained for less than six-months.").  Simply because Petitioner's removal order was final in 2023 does not mean that ICE's arrest, detention, and removal of Petitioner at this juncture violates the Constitution, and Petitioner provides no support to such theory.  *Rodriguez-Guardado*, 271 F. Supp. 3d at 335 n.8 ("Petitioner's contention that the *Zadvydas* clock runs while he is not in custody 'defies common sense.'").

And while Petitioner cannot be removed right now because of the stay of removal she sought from an IJ, this does not make her statutorily authorized detention constitutionally infirm.  *See Lawrence v. Gonzales*, 446 F.3d 221, 227 (1st Cir. 2006) (holding alien's prolonged post-removal detention "was necessary to bring about [his] removal" when it "occurred pursuant to his own procuring of stays incident to his legal challenges"); *Gomes v. Smith*, 381 F. Supp. 3d 120, 123 (D. Mass. 2019) (concluding that given petitioner would have already been removed if

not for stay, his removal is considered " 'imminent' and the implication of reasonable detention under *Zadvydas* is inapposite").

Petitioner's husband's pending T-visa application does not turn her detention and pending removal into a due process violation either as Petitioner has no protected right in remaining in the United States to seek this form of relief. As the First Circuit has explained, an alien "cannot premise a colorable due process claim solely on the denial of an opportunity to depart [the United States] later." *Jupiter v. Ashcroft*, 396 F.3d 487, 492 (1st Cir. 2005). This is because "[f]or due process to attach, there must be a cognizable liberty or property interest at stake." *Id.* And where ICE has discretion in deciding whether to proceed with effectuating a final order of removal against an alien with a pending T-visa application, no cognizable liberty interest exists in remaining in the United States while the application is adjudicated. *Id.*; 8 C.F.R. § 214.204(b)(2)(i). *See also Gomes*, 381 F. Supp. 3d at 124 (Concluding that petitioner had "no Due Process right to remain in the United States while his administrative claims are adjudicated.").

Courts routinely find no due process violation in effectuating a removal order for an individual with a pending T-visa application. *See e.g.*, *Nicholas L.L.*, 2019 WL 4929795 at *6-7 (rejecting claim that removal of a T-visa applicant before a bona fide determination has been made violates the Fifth Amendment as "there is no constitutionally protected liberty interest in discretionary immigration relief".); *Suarez-Reyes v. Williams,* No. CV-20-01222-PMX-MTL- (JFM), 2020 WL 3414781, at *2 (D. Ariz. June 22, 2020) (petitioner's claim that he will be deprived of an opportunity to have his T-visa applications heard at a meaningful time and manner if removed is insufficient to show his due process claim is not precluded by § 1252(g)); *Marcelo Rojas v. Moore,* No. 19-cv-20855, 2019 WL 3340630, at *1 (S.D. Fla. Mar. 26, 2019) (Court

agreed that no T-visa applicant has a constitutionally protected liberty interest in remaining in the United States); *Viera v. McAleenan,* No. 19-cv-05112-PHX-DWL-IZB, 2019 WL 4303417, at *4 (D. Ariz. Sept. 11, 2019) (petitioner alleges no facts to support contention that USCIS has a "clear nondiscretionary duty" to adjudicate a T-visa application before an applicant is removed).

Courts also routinely hold that detention pending adjudication of a motion to reopen, or removal from the United States if a stay of removal is not issued administratively, does not violate due process. *See Gicharu v. Carr*, 983 F.3d 13, 19 (1st Cir. 2020) (Explaining that alien's ability to file a motion to reopen asserting ineffective assistance of counsel "satisfies due process" as alien can appeal decision on motion to reopen administratively and then to the circuit court.); *Tazu v. Att'y Gen. United States,* 975 F.3d 292, 300 (3d Cir. 2020) (No constitutional due process right to district court habeas review of detention pending adjudication of a motion to reopen as "a petition for review is an adequate substitute for a petitioner's historic right to habeas corpus."); *Gomes*, 381 F. Supp. 3d at 122-23 (Finding no due process violation in detention and removal as petitioner had filed a motion to reopen and therefore had opportunity to raise claim "though the administrative proceeding" to include ability to "seek a stay from the BIA and/or the First Circuit".); *Rodriguez-Guardado*, 271 F. Supp. 3d at 337 n.11 (No due process violation as petitioner "received ample notice of ICE's intent to carry out his removal order and has taken the opportunity to pursue available administrative remedies by lodging a motion to reopen with the BIA and securing a stay during the pendency of the motion.").

Petitioner does not face indefinite detention.  ICE plans to effectuate Petitioner's release from custody and return to her home country if the IJ denies Petitioner's motion to reopen and lifts the stay of removal.  Alternatively, if Petitioner succeeds in her motion to reopen before the IJ, she can then move for a bond hearing to seek release from custody if eligible.  Petitioner can

also ask ICE to release her and issue an administrative stay of removal. At this juncture, however, Petitioner's detention is fully permissible and does not violate the Fifth Amendment's Due Process Clause and therefore her claim for release or a bond hearing must be rejected.

**C.  The Court Lacks Jurisdiction to Stay Petitioner's Removal from the United States.**

While not explicitly stated, Petitioner seemingly seeks a stay of removal from the United States while USCIS adjudicates her husband's T-visa application. This Court is without jurisdiction to offer such relief as 8 U.S.C. § 1252(g) precludes a district court from staying orders removal. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by ... any alien arising from the decision or action by [ICE] to ... *execute removal orders against any alien*." (emphasis added). This provision applies "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title." *Id.*

Section 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon [certain categories of] prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999). Section 1252(g) bars claims arising from "brief detentions" for purpose of effectuation of removal orders which is the case here. *Kong v. United States*, 62 F.4th 608, 618 (1st Cir. 2023); *see also Tazu*, 975 F.3d at 297-99.

Courts within this district, and around the country, routinely hold that they lack jurisdiction to enter an order staying removal based on section 1252(g)'s plain language. *See e.g., Tejada v. Cabral,* 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals."); *Compere*, 368 F. Supp. 3d at 170 (Court "simply lacks jurisdiction to grant a stay of a final order of removal."); *Candra v. Cronen*, 361 F. Supp. 3d 148, 156 (D.

Mass. 2019) (Section 1252(g) stripped court of jurisdiction to consider due process challenge to decision not to stay removal and "attempt to frame his claim in due process language does not change this result."); *Lopez Lopez v. Charles*, No. 12-CV-101445-DJC, 2020 WL 419598, at *4 (D. Mass. Jan. 26, 2020) (Court lacks jurisdiction under Section 1252(g) to review challenge to denial of request to stay removal even if petitioner "frames her claim as a violation of due process … this does not change the jurisdiction stripping analysis under Section 1252(g)."); *Doe v. Smith*, No. CV 18-11363-FDS, 2018 WL 4696748, at *3 (D. Mass. Oct. 1, 2018) (Explaining that "it is equally clear that this Court is without jurisdiction" to stay removal); *Nelson v. Hodgson*, No. CIV.A. 14-10234-DJC, 2014 WL 2207621, at *2 (D. Mass. May 27, 2014) (the "provisions of the REAL ID Act preclude this court from entering an order staying petitioner's removal.").

Courts within this district and elsewhere also routinely held that Section 1252(g) bars jurisdiction to enter a stay of removal even if an individual seeks more time to apply for different forms of immigration relief.  Recently, in *Dambrosio*, 2025 WL 1070058, at *3, the Court explained that it lacked jurisdiction "to issue a stay of the final removal order pending resolution of his visa applications."  *See also Compere*, 368 F. Supp. 3d at 170 (D. Mass. 2019) (court barred from entering stay even though petitioner had application pending); *E.L.F. v. Prim,* 986 F.3d 959, 964 (7th Cir. 2021) (petitioner's challenge to removal while she has a pending application for relief therefrom falls squarely in the path of § 1252(g)); *Garcia-Herrera v. Asher,* No. 13-35435, 585 Fed. App'x 439, 440 (9th Cir. Oct. 6, 2014) (finding that ICE's decision not to delay removal pending the adjudication of petitioner's DACA application constitutes a challenge to ICE's decision to execute a removal order and is barred from review under § 1252(g)).

As clearly explained by another district court recently: "Petitioner's request to release him from his current detention and stay his removal is, in sum and substance, a challenge to his final

order of removal or, at a minimum, a request for an order that ICE refrain from executing that final order, in hopes that USCIS will grant his pending Form I-601A, which would allow him to apply to adjust his immigration status on a shorter timeframe and, if he was successful, obviate the removal order down the road. This Court cannot entertain the Petition under the plain language of § 1252." *Lin v. Borgen*, No. 25-CV-05618 (MMG), 2025 WL 2158874, at *4 (S.D.N.Y. July 30, 2025).

A pending application for a T-visa does not change the analysis; section 1252(g) still bars jurisdiction for this Court to order a stay. *See Arely Westley a/k/a Wilson Amilcar Velasquez-Cabellero v. Harper, et al.,* No. 25-cv-229-BWA, 2025 WL 592788 (E.D. La. Feb. 24, 2025) ("*Westley*"). In that case, the Court held that an order staying removal until the petitioner's T-visa application is adjudicated falls outside the Court's jurisdiction under § 1252(g). *Id.,* at *4. *See also Suarez-Reyes*, 2020 WL 3414781, at *2 (D. Ariz. June 22, 2020) (Attack on decision to remove petitioner before the adjudication of T-visa application arose "from Respondents' decision or action to execute his removal order [thus] they are barred by 8 U.S.C. § 1252(g).").

At bottom, Petitioner has received ample opportunity to challenge her removal order and seek stays of removal from the appropriate administrative and judicial forums. Congress did not provide authority to this Court to consider such stay requests, and in fact, specifically stripped district courts of the ability to interfere with ICE's execution of removal orders. As such, this Court cannot order a stay of removal while Petitioner's husband pursues his T-visa application or while Petitioner pursues her motion to reopen her removal order.

## CONCLUSION

For the above reasons, Petitioner's assertion of unlawful detention in violation of statute, regulation, and the Constitution fails. Additionally, this Court lacks jurisdiction to stay

Petitioner's removal.  As such, this Court should deny her request for release and vacate its order

enjoining ICE from removing her from the United States pursuant to her final order of removal.

LEAH B. FOLEY
United States Attorney

Dated: September 9, 2025                By:     */s/ Mark Sauter*
                                               Mark Sauter
                                               Assistant United States Attorney
                                               United States Attorney's Office
                                               1 Courthouse Way, Suite 9200
                                               Boston, MA 02210
                                               Tel.: 617-748-3347
                                               Email: mark.sauter@usdoj.gov

## CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed
through the ECF system will be sent electronically to the registered participants as identified on
the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-
registered participants.

Dated:  September 9, 2025               By:     */s/ Mark Sauter*
                                               Mark Sauter
                                               Assistant United States Attorney