UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIRIAN ABARCA TIXE et al.,

                   Petitioner,

     v.                                       Civil Action No. 25-cv-12365-GAO

PATRICIA HYDE et al.,

                   Respondent.

**RESPONDENTS' OPPOSITION TO PETITIONER'S**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to the Motion for Temporary Restraining Order by Petitioner Mirian Ximena Abarca Tixe ("Petitioner"). Doc. No. 14. In her Motion, Petitioner claims that U.S. Immigration and Customs Enforcement ("ICE") violated the Court's Order Concerning Service of Petition and Stay of Transfer or Removal (Doc. No. 4) when it transferred Petitioner from the Elizabeth Contract Detention Facility in Elizabeth, New Jersey to a detention facility in Texas.[1]

ICE did not, however, violate the Court's "No-Transfer" Order as that Order applied only to the transfer of Petitioner from Massachusetts to another district. The relevant paragraph of the Court's No-Transfer Order began with the premise that Petitioner was "being held in the District of Massachusetts." No-Transfer Order, Doc. No. 4 at 3. It was only with that understanding that

---

[1] ICE informs the undersigned that Petitioner was moved from New Jersey to the Coastal Bend Detention Facility in Robstown, TX on October 12, 2025. ICE advises that Petitioner was transferred from New Jersey to house Petitioner at a facility that will allow ICE to expeditiously effectuate her final order of removal.

the next sentence ordered that "Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move." *Id*. The Order specifically provided that Petitioner should not be moved out of "this District" – *i.e.* the District of Massachusetts—for at least 72 hours from the time the government provides notice of its intent to do so. *Id.*

ICE provided notice of Petitioner's transfer from the District of Massachusetts to New Jersey on August 29, 2025. Doc. No. 8. In such Notice, ICE made clear that it was not challenging that the proper venue for the Petition would remain in the District of Massachusetts even despite Petitioner's transfer to New Jersey. *Id.* at 1. ICE subsequently transferred Petitioner to New Jersey and the parties submitted briefing concerning the underlying Petition. *See* Doc. Nos. 9, 12.[2] No further order entered from this Court concerning subsequent transfers of Petitioner to different districts.[3]

Petitioner's claim that the No-Transfer Order continued to be in effect when ICE recently transferred Petitioner from New Jersey to Texas is without merit as such transfer was not "out of the District" *i.e.*, the District of Massachusetts. Further, the No-Transfer Order does not speak to ICE's subsequently moving Petitioner "out of" any other district and therefore does not apply to the recent transfer from New Jersey to Texas.

---

[2] Respondents argued that ICE's detention of Petitioner was supported by 8 U.S.C. § 1231(a)(6) as she is subject to a final order of removal and her status as a potential beneficiary of her husband's T-visa application "has no effect on DHS authority or discretion to execute a final order of removal". 8 C.F.R. § 214.204(b)(2)(i). Doc. No. 9. Respondents further argued that Petitioner's detention was constitutional under the Fifth Amendment and this Court lacks jurisdiction to enter an order staying Petitioner's removal from the United States on account of 8 U.S.C. § 1252(g). *Id.*

[3] Respondents acknowledge, however, that the Court's Order that "Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court" remains in effect. Doc. No. 4 at 4. The undersigned has reiterated this Order to ICE agency counsel.

Apparently recognizing this limitation of the no-transfer order, another session of this Court recently entered an additional order—beyond the court's typical no-transfer order—to preclude a petitioner's transfer from the Southern District of California to any other district. *See* Electronic Order, *De Leon v. Hyde*, No. 25-cv-12490-LTS (D. Mass. Oct. 1, 2025) (explaining that ICE transferred petitioner from Massachusetts to New York "before Judge Young's order staying any transfer of the petitioner"; that "[n]o further orders entered limiting the petitioner's transfer"; and thus entering a further order precluding petitioner's transfer from his current detention location in the Southern District of California, absent advanced notice).[4] The court's entry of an additional order precluding transfer from the Southern District of California would have been superfluous if the court's initial no-transfer order applied.

Accordingly, the Court's No-Transfer Order did not preclude Petitioner's transfer from New Jersey to Texas after the valid transfer from Massachusetts to New Jersey. As such, there is no basis for this Court to allow the Petitioner's Motion and order ICE to return Petitioner to New Jersey.

To the extent Petitioner complains about her transfer to another district as violating statute or the Constitution, such complaints fail. Congress provided ICE with discretion as to the detention location of individuals within its custody. Per 8 U.S.C. § 1231(g)(1), ICE "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." *See Edison C. F. v. Decker*, No. CV 20-15455 (SRC), 2021 WL 1997386, at *6 (D.N.J. May 19, 2021) (Acknowledging that "Congress has provided the Government with

---

[4] The initial no-transfer order in *De Leon* was substantially identical in relevant part to the No-Transfer Order in this case. *Compare* Order Concerning Service of Pet. & Stay of Transfer or Removal, *De Leon v. Hyde*, No. 25-cv-12490 (D. Mass. Sept. 9, 2025), Doc. No. 4 at 3–4, *with* No-Transfer Order, Doc. No. 4 at 3-4.

considerable discretion in determining where to detain aliens pending removal or the outcome of removal proceedings."). ICE's placement of an alien at a facility outside of the alien's preferred geographic location does not violate federal law or the Constitution. *See Avramenkov v. I.N.S.,* 99 F. Supp. 2d 210, 214 (D. Conn. 2000) (Holding that a transfer "does not constitute a violation of plaintiff's due process or statutory rights" and that ICE "is not obligated to detain aliens where their ability to obtain representation and to present witnesses is at its greatest."). And as another session of this Court has recently explained, the proper purpose of a habeas Petition is to seek relief from unlawful custody, it is not to prevent a transfer from one district to another. *See Vasquez v. Moniz,* No. 25-11737-NMG, --- F. Supp. 3d ---, 2025 WL 1737216, at *3 (D. Mass. June 23, 2025) (to extent petition seeks to enjoin his transfer from Massachusetts indefinitely, such request is beyond habeas corpus which can only be used to request release from confinement).

Consequently, the Motion should be denied. Further, Respondents respectfully request this Court deny the Petition and lift its Order prohibiting ICE from effectuating Petitioner's final order of removal from the United States.

                                                                             LEAH B. FOLEY
United States Attorney

Dated: October 14, 2025           By:    */s/ Mark Sauter*
                                                             Mark Sauter
                                                             Assistant United States Attorney
                                                             United States Attorney's Office
                                                             1 Courthouse Way, Suite 9200
                                                             Boston, MA 02210
                                                             Tel.: 617-748-3347
                                                             Email: mark.sauter@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  October 14, 2025        By:    */s/ Mark Sauter*
                                                    Mark Sauter
                                                  Assistant United States Attorney