UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12365-GAO

MIRIAN XIMENA ABARCA TIXE,
Petitioner,

v.

PATRICIA HYDE, in her official capacity as Acting Director, New England Field Office, U.S. Immigration and Customs Enforcement, MICHAEL KROL, in his official capacity as Special Agent in Charge, Homeland Security Investigations, New England, TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, and KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security,
Respondents.

OPINION AND ORDER
October 22, 2025

O'TOOLE, D.J.

Before the Court is petitioner Miriam Ximena Abarca Tixe's Emergency Motion for a Temporary Restraining Order and Mandatory Injunction. (Dkt. no. 14.) The Court construes it as a motion for clarification regarding the Order Concerning Service of Petition and Stay of Transfer or Removal ("Stay" (dkt. no. 4)) entered on August 26, 2025.[1] The motion for clarification is GRANTED.

Among other things, the Stay plainly and explicitly requires the government to provide "advance notice . . . in writing on the docket in this proceeding" before transferring the petitioner "to another district." (Dkt. no. 4 at 3.) Yet, on October 12, 2025, the government transferred the petitioner to another district without any advance notice, written or otherwise, to the Court of the

---

[1] The Court so construes the motion because the Stay already requires the status quo that the petitioner seeks.

government's intention to move the petitioner to a facility not located within this District. In so doing, the government violated this Court's express order.

## I.    Background

On August 26, 2025, the petitioner filed a petition for a writ of habeas corpus challenging her detention at the U.S. Immigration and Customs Enforcement ("ICE") field office in Burlington, Massachusetts. That same day, the Court (Sorokin, D.J.) entered the Stay.[2] It provides, in relevant part, as follows:

> To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:
>
> The petition alleges that Petitioner is being held in the District of Massachusetts. See Doc. No. 1. Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and it shall state the reason(s) why the government believes such a movement is necessary and should not be stayed pending further court proceedings. Petitioner shall not be moved out of this District for a period of at least 72 hours from the time the government dockets the notice described in this paragraph.
>
> If the government contests that Petitioner is presently confined in the District of Massachusetts, the government shall file a notice in writing on the docket in this action stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after the government becomes aware of that fact.
>
> Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

(Dkt. no. 4 at 3–4.) On August 29, the government filed a notice explaining that it intended to transfer the petitioner to "another facility more appropriate for her care" because the Burlington, Massachusetts, facility is "not designed for long term detention." (Dkt. no. 8 at 1–2.) According

---

[2] This matter was transferred to me from Judge Sorokin on September 16, 2025, under Local Rule 40.1(g). (See dkt. no. 10.)

2

to the notice, "ICE agency counsel advised that," at the time, "the closest facility that houses females with open bed space" was Delaney Hall in New Jersey. (Id. at 2.)

The notice "urge[d] that th[e] transfer [was] not intended to delay Petitioner's ability to seek or attend any bond hearing in immigration court, to deprive Petitioner of her opportunity to litigate this habeas petition, or to interfere with any of Petitioner's constitutional or statutory rights." (Id.) The notice also contained a certification under Local Rule 7.1 stating that the government had informed the petitioner's counsel of the transfer. The government further certified that the petitioner's counsel would not oppose the transfer if the parties "agreed that this Court will retain jurisdiction over the habeas petition" after the transfer. (Id. at 3.) No opposition was filed. On September 9, the government filed its response to the petition. (Dkt. no. 9.)

On October 12, the government transferred the petitioner to an ICE detention facility in Robstown, Texas. This Court first learned of the unauthorized transfer on October 13—not from the government, but from the petitioner's emergency motion. The motion argues that the government violated the Stay when it transferred the petitioner from New Jersey to Texas without providing notice or explanation to the Court. For its part, the government does not contest that it transferred the petitioner from New Jersey to Texas on October 12. (See dkt. no. 16.) Rather, it mistakenly asserts that the Stay did not apply to the transfer.

**II.     Discussion**

"[A] federal court always has jurisdiction to determine its own jurisdiction . . . ." Brownback v. King, 592 U.S. 209, 218 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)). And this Court has "authority, from the necessity of the case, to make orders to preserve the existing conditions and the subject of the petition" before it. United States v. Shipp, 203 U.S. 563, 573 (1906). Such orders "must be obeyed by the parties until [they are] reversed by orderly

3

and proper proceedings." See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947).

Here, the government argues that the Stay "applied only to the transfer of Petitioner from *Massachusetts* to another district." (Dkt. no. 16 at 1 (emphasis added).) That is so, the government avers, because "[t]he relevant paragraph of the [Stay] began with the premise that Petitioner was 'being held in the District of Massachusetts.'" (Id. (quoting dkt. no. 4 at 3).)

The very next sentence of the paragraph on which the government relies is unequivocal: "Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move." (Dkt. no. 4 at 3.) What is more, the government's reading ignores the Stay's express purpose: "To provide an opportunity for a fair and orderly consideration of this matter . . . ." (Id.) There is no basis to assume or assert that the Stay is no longer operative. To the contrary, it remains in full effect by reason of Judge Sorokin's order.

Nonetheless, the government's first statement of the reason for the transfer came in its opposition to the emergency motion: "the Petitioner was transferred from New Jersey to house Petitioner at a facility that will allow ICE to expeditiously effectuate her final order of removal." (Dkt. no. 16 at 1 n.1). That stated reason stands in stark contrast to that of the first transfer, which as explained above, the petitioner did not oppose. It also calls into question the government's prior representations to this Court. (Compare id., with dkt. no. 8 at 2 ("[T]his transfer is not intended to . . . deprive Petitioner of her opportunity to litigate this habeas petition . . . .").)

The government is ordered to immediately return the petitioner to a proper facility located within the District of Massachusetts. Further, the government shall notify the Court of the petitioner's return with a written filing on the docket in this proceeding.

5

It is SO ORDERED.

  /s/ George A. O'Toole, Jr.
United States District Judge