**Elizabeth Shaw, Esq. | BBO #: 713541**
**Law Offices of Rachel L. Rado, LLC**
**175 Portland Street, 2nd Floor.**
**Boston, MA 02114**
**(t) 617-871-6030 | (f) 877-246-8795**
**(e) eshaw@rachelradolaw.com**

*Attorney for Petitioner*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRIAN XIMENA ABARCA TIXE,<br><br>　　　　　　Petitioner<br><br>v.<br><br>WARDEN, Elizabeth Contract Detention Facility;<br>PATRICIA HYDE, Field Office Director;<br>MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>　　　　　　Respondents | Case No. 25-12365<br><br>**PLAINTIFF'S OPPOSITION TO RESPONDENTS' MOTION TO MODIFY THIS COURT'S ORDER** |

### I.    INTODUCTION

Petitioner, through undersigned counsel, respectfully opposes Respondents' Motion to Modify this Court's October 22, 2025, Opinion and Order (Doc. No. 20). Respondents seek to alter the Court's explicit directive that the Petitioner "be immediately returned to a proper facility located within the District of Massachusetts." Their request, couched as an administrative necessity, would effectively nullify the Court's remedial order, disregard this Court's prior findings, and reward Respondents for continued noncompliance with its orders.

## II. BACKGROUND

The Court's October 22, 2025, Opinion and Order (Doc. No. 20) found that Respondents violated the clear terms of the August 26, 2025, Stay of Transfer or Removal by transferring Petitioner from New Jersey to Texas without notice to the Court or Petitioner's counsel. The Court reaffirmed its jurisdiction, emphasized Respondents' disregard for its prior orders, and directed ICE to "immediately return the petitioner to a proper facility located within the District of Massachusetts."

Now, merely two days later, Respondents move to "modify" that Order to allow ICE to place Petitioner in New Jersey—outside of this District—citing alleged lack of long-term detention space for female detainees in Massachusetts. This motion offers no new facts, no new legal basis, and no valid justification under the law.

## III. ARGUMENT
### a. The Motion is an Improper Attempt to Relitigate Issues Already Decided

The Court's October 22 Order was clear and unambiguous. Respondents' claim that Massachusetts lacks an "appropriate facility" simply repeats arguments already made and rejected in earlier filings. This Court has already considered the government's administrative concerns and determined that they do not override the Petitioner's rights or the Court's authority to enforce its orders. Motions for modification cannot serve as a vehicle to reargue matters that have been previously resolved. *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (courts "should not reconsider prior decisions unless there is newly discovered evidence, an intervening change in law, or clear error.") None is present here.

### b. Respondents Continue to Disregard the Court's Authority and Express Terms of the Stay

The *Stay of Transfer or Removal* required Respondents to provide advance written notice before transferring Petitioner. Respondents violated that directive when they transferred her to Texas without authorization, an action that this Court expressly found to be unlawful.

Now, Respondents once again seek to move Petitioner out of this District—despite a standing Order to the contrary. To grant this motion would not only endorse noncompliance but would erode this Court's ability to ensure meaningful judicial review of habeas proceedings. The First Circuit has long emphasized that parties must "scrupulously observe" court orders. *See Cuello-Suarez v. AUTORIDAD DE ENERGIA ELECTRICIA,* 737 F. Supp. 1243 (D.P.R. 1990).

### c. Respondents Have Not Demonstrated "Good Cause" or Impossibility of Compliance

Modification requires a showing of genuine necessity or impossibility, not mere administrative preference. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992) (party seeking modification of a court order bears the burden of showing a significant change in factual circumstances). Respondents make no such showing here.

Moreover, Judge O'Toole was already fully aware of ICE's claimed lack of female bed space in Massachusetts when he issued the October 22 Order. Respondents' earlier filings explicitly raised this point, asserting that Burlington was "not designed for long-term detention" and that the "closest facility with available female bed space" was Delaney Hall in New Jersey.[1] Despite this, the Court ordered Petitioner's return to the District of Massachusetts—demonstrating that it had weighed and rejected ICE's logistical argument.

---

[1] Despite indicating to this court and counsel that the Plaintiff would be placed at Delaney Hall in Newark, NJ, the Petitioner was never taken there and was taken to Elizabeth Contract Detention Center in Elizabeth, NJ.

Accordingly, Respondents' attempt to reassert those same facts as "new" grounds for modification is disingenuous. As the Supreme Court made clear in *Rufo*, "[a] party seeking relief from a court order cannot simply restate arguments previously considered and rejected by the issuing court." 502 U.S. at 383–84.

### d. The Relief Requested Would Undermine Petitioner's Due Process Rights

The Court's October 22 Order was expressly designed to protect Petitioner's access to her Massachusetts-based counsel. Relocating her to New Jersey would substantially interfere with that access—precisely the harm the Court sought to prevent.

The Supreme Court has long recognized that meaningful access to counsel and to the courts is a fundamental right of detained persons. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (restrictions on attorney-client communication must be "no greater than is necessary or essential"). Courts have consistently held that government actions that impede attorney access during pending litigation violate due process. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting habeas jurisdiction exists to ensure meaningful review of executive detention); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (immigration detention must comply with due process and fundamental fairness).

District courts have applied these principles specifically to ICE transfers. *See, e.g., Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985) (finding that transferring a detainee away from counsel "violated his right to due process"); *Devitri v. Cronen*, 289 F. Supp. 3d 287, 296 (D. Mass. 2018) (ordering ICE to maintain petitioners within Massachusetts to preserve access to counsel). Here, Petitioner's habeas petition remains pending, and she continues to require communication and in-person access with Massachusetts counsel. Any transfer outside this District would directly impair those rights, violating both the letter and the spirit of this Court's prior orders.

e. **Respondents' Delay in Seeking Modification Warrants Denial**

Respondents' delay in filing this motion also independently justifies its denial. The Court's October 22 Order directed ICE to "immediately" return Petitioner to Massachusetts. Respondents waited until October 24—two days later—to seek modification, during which time they failed to comply with the Order's clear mandate.

Courts routinely deny post-order modification requests where the moving party delays compliance and fails to act promptly. *See Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988) (motions for modification must be "seasonably filed" and not used to postpone compliance).

The government's failure to act swiftly or to seek a stay pending resolution of its motion constitutes a waiver of its right to relief. This delay, coupled with prior noncompliance, further evidences bad faith and weighs heavily against any equitable modification.

## IV. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court DENY Respondents' Motion to Modify the Court's October 22, 2025, Order and direct immediate compliance with that Order by returning Petitioner to a facility within the District of Massachusetts.

Respectfully Submitted,
Mirian Ximena Abarca Tixe
By Her Attorney

//s//  *Elizabeth Shaw*
Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) eshaw@rachelradolaw.com

Date: 10/24/2025

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

Date: 10/24/2025

//s// *Elizabeth Shaw*
Elizabeth Shaw, Esq. | BBO #: 713541
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor.
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) eshaw@rachelradolaw.com