UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRIAN ABARCA TIXE, *et al.*,<br><br>    Petitioner,<br><br>v.<br><br>PATRICIA HYDE, *et al.*,<br><br>    Respondents. | Civil Action No. 1:25-cv-12365-GAO |

### RESPONDENTS' SUPPLEMENTAL OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

For the reasons set forth in Respondent's Opposition to Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 9) Petitioner's assertion of unlawful detention in violation of statute, regulation, and the Constitution fails.

Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6) as she has an administratively final order of removal from the United States and ICE therefore has statutory authority to arrest and detain her for purpose of removal. *See Thai v. Hyde,* No. CV 25-11499-NMG, 2025 WL 1655489, at *2 (D. Mass. June 11, 2025) (Explaining that Section 1231(a)(6) allows for detention beyond the removal period for aliens with final orders of removal who are "present in the United States without being admitted or paroled.").

Petitioner's status as a derivative applicant on her husband's pending T-visa application does not prevent her arrest, detention, or removal—indeed, the applicable regulation specifically states that the filing of a T-visa application "has no effect on DHS authority or discretion to execute a final order of removal". 8 C.F.R. § 214.204(b)(2)(i). *See also Nicholas L. L. v. Barr*, No. 19-cv-02543-ECT-TNL, 2019 WL 4929795, at *5 (D. Minn. Oct. 7, 2019) (Explaining that "Federal

regulations say the opposite" as to a claim that "a T-visa applicant cannot be removed before a bona fide determination has been made concerning his application.").

Petitioner's claim that her detention violates the Fifth Amendment's Due Process Clause is also without merit. As recognized by the Supreme Court, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Indeed, as stated recently by this court: "[s]ome period of detention prior to deportation is constitutionally valid". *Thai*, 2025 WL 1655489 at *2. *See also Dambrosio v. McDonald, Jr.*, No. 25-CV-10782-FDS, 2025 WL 1070058, at *2 (D. Mass. Apr. 9, 2025) (Recognizing that detention "for a period of less than three months' time … does not amount to an unconstitutional duration.").

Additionally, this Court lacks jurisdiction to stay Petitioner's removal pursuant to 8 U.S.C. § 1252(g).[1] *See Compere v. Riordan*, 368 F. Supp. 3d 164, 170 (D. Mass. 2019) (Explaining that "the Court simply lacks jurisdiction to grant a stay of a final order of removal."); *Dambrosio*, 2025 WL 1070058, at *3 (Explaining that the Court lacked jurisdiction "to issue a stay of the final removal order pending resolution of his visa applications."); *Villatoro v. Noem*, No. 25-CV-05306 (OEM), 2025 WL 2880140, at *3 (E.D.N.Y. Oct. 9, 2025) (Denying habeas petition and stay of removal sought by petitioner with a pending T visa application because "[p]etitioner is indirectly challenging his removal order and therefore triggers the Section 1252 jurisdictional bar.").

As such, this Court should deny her request for release and vacate its order enjoining ICE from removing her from the United States pursuant to her final order of removal.

---

[1] Petitioner, however, can seek a stay of removal from the Board of Immigration Appeals in conjunction with her appeal of the Immigration Judge's denial of her motion to reopen her removal order. *See* 8 C.F.R. §§ 1003.2(f), 1003.23(b)(1)(v).

                                                  Respectfully submitted,

                                                  LEAH B. FOLEY
                                                  United States Attorney

Dated: November 5, 2025         By:     */s/ Mark Sauter*
                                                  Mark Sauter
                                                  Assistant United States Attorney
                                                  United States Attorney's Office
                                                  1 Courthouse Way, Suite 9200
                                                  Boston, MA 02210
                                                  Tel.: 617-748-3347
                                                  Email: mark.sauter@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: November 5, 2025         By:     */s/ Mark Sauter*
                                                  Mark Sauter
                                                  Assistant United States Attorney